# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
**(609) 989-2040**

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

October 20, 2020

## LETTER ORDER

Re: **United Property & Casualty Insurance Company v. Broyles, et al.**
**Civil Action No. 19-18950 (AET)**

Dear Counsel:

Pending before the Court are the following four motions: (1) Defendants Jennifer Parsells Cotugno and James Cotugno's (collectively, the "Cotugnos") Motion to Dismiss (Docket Entry No. 34); (2) Plaintiff United Property & Casualty Insurance Company's ("UPC") Motion for Default Judgment as to Defendant Justin Broyles ("Broyles") (Docket Entry No. 48); (3) UPC's Motion to Amend (Docket Entry No. 50); and (4) Broyles' Motion to Vacate Default (Docket Entry No. 51). The Court substantively addresses UPC's Motion to Amend herein. The Court considers UPC's Motion to Amend without argument on the papers pursuant to L.Civ.R. 78.1(b).

Through the pending Motion to Amend, UPC seeks to add allegations regarding factual developments that have taken place since the inception of this matter. For Example, UPC seeks to add allegations concerning the existence of a material misrepresentation or equitable fraud in Broyles' procurement of the UPC policy at issue. UPC also seeks to add allegations concerning Broyles' legal incapacity at the time he applied for the UPC policy at issue, which could result in the insurance contract being invalidated in the first instance. Further, UPC seeks to amend the governing Complaint to add allegations concerning the fact that Broyles was residing at his parents'

house at the time of the underlying incident, which would invoke "other insurance," *i.e.*, his parents' homeowner's policy. Based on these allegations, UPC seeks to implead Broyles' parents' insurer, Cambridge Mutual Fire insurance Company, through its Motion to Amend.

Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Here, UPC's Motion to Amend is unopposed. Further, there is no evidence that it will unduly delay these proceedings or unfairly prejudice any Defendant. In addition, UPC's Motion to Amend is not the product of bad faith. Instead, UPC is seeking to amend, now, based on facts revealed during the course of discovery. Finally, it does not appear that UPC's proposed amendments are futile. Under these circumstances, the Court grants UPC's Motion to Amend. UPC is directed to file its Amended Complaint no later than **October 30, 2020**. In light of the Court's determination, the remaining motions, (1) the "Cotugnos' Motion to Dismiss; (2) UPC's Motion for Default Judgment; and (3) Broyles' Motion to Vacate Default are terminated. Defendants are directed to answer or otherwise respond to UPC's Amended Complaint in accordance with the deadlines set forth in the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE DOCKET ENTRY NOS. 34, 48, 50 & 51.**

                                                s/ Tonianne J. Bongiovanni
                                       **TONIANNE J. BONGIOVANNI**
                                         **United States Magistrate Judge**